Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>MICHAEL M. ROSA RODRÍGUEZ<br><br>Parte Peticionaria | TA2025CE00616 | Certiorari procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. ISCR202500104<br><br>Sala: 205<br><br>Sobre:<br>Art. 404 (A) LSC/Posesión Sustancias Controladas sin receta |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

Comparece ante *nos* Michael M. Rosa Rodríguez (Rosa Rodríguez o peticionario) y nos solicita que revisemos y revoquemos la *Resolución* pronunciada el 11 de septiembre de 2025 y notificada el 12 de septiembre de 2025 por el Tribunal de Primera Instancia (TPI, foro recurrido o foro primario), Sala Superior de Mayagüez. Mediante la aludida resolución, el foro primario declaró no ha lugar a la moción de reconsideración instada por el peticionario a raíz de la denegatoria de su petitorio de desestimación presentado el 30 de junio de 2024, la cual fue resuelta mediante un dictamen anterior intimado el 4 de agosto de 2025 y notificado el 7 de agosto de 2025.

Por los fundamentos que exponemos a continuación, se *deniega* el auto de *certiorari*.

# I.

Este recurso tiene su origen en una denuncia presentada por el Pueblo de Puerto Rico, representado por el Ministerio Público, contra el peticionario el 17 de septiembre de 2024 por una infracción al Artículo 404 (a) de la Ley Núm. 4 de 23 de junio de 1971, 24 LPRA sec. 2404, según enmendada, conocida como la *Ley de Sustancias Controladas de Puerto Rico*.

Rosas Rodríguez prestó la fianza según fijada, pero el foro primario le ordenó a la fiadora el 3 de febrero de 2025 que lo produjera. La fiadora cumplió con lo ordenado el 29 de mayo de 2025, mismo día de la lectura de acusación. En tal acusación, el Pueblo le imputó reincidencia simple al peticionario por tres (3) convicciones pasadas de naturaleza grave.

Tras ello, el 30 de junio de 2025, Rosas Rodríguez presentó una *Moción de Desestimación al Amparo de la Regla 64 (p)*. Alegó que procedía la desestimación de la acusación porque la reincidencia imputada no era la procedente en derecho, por tratarse de una infracción al Artículo 404 (a) de la *Ley de Sustancias Controladas*, *supra*, el cual contiene su propio esquema para personas que vuelven a delinquir; es decir, que rige el principio de especialidad, haciendo inaplicable la reincidencia imputada bajo el Artículo 73 del Código Penal, 33 LPRA sec. 5106. Puntualizó que la ley especial establece que se activará la reincidencia bajo ese articulado cuando haya una o más convicciones de esa misma naturaleza. Arguyó que, como las convicciones previas no versaban sobre la violación al Artículo 404 (a) de la *Ley de Sustancias Controladas*, *supra*, procedía la desestimación de la acusación en su totalidad.

Por su parte, el Pueblo se opuso el 21 de julio de 2025. Adujo que, como las convicciones previas no estaban reguladas por la *Ley de Sustancias Controladas*, *supra*, pero sí por el Código Penal, era aplicable la reincidencia contenida en el segundo cuerpo estatutario.

Alegó, entonces, que no procedía la desestimación de la acusación y que la imputación de reincidencia simple era correcta en derecho.

El TPI pronunció una *Resolución* el 4 de agosto de 2025, la cual fue notificada el 7 de agosto de 2025, mediante la cual justipreció que no correspondía desestimar la acusación. El foro primario adoptó el razonamiento del Pueblo sobre que las convicciones pasadas no fueron bajo la *Ley de Sustancias Controladas, supra,* y, por ende, es inaplicable la reincidencia allí descrita. Por ello, concluyó que la reincidencia a aplicarse sería la imputada, la cual se rige por el Código Penal.

Insatisfecho, Rosas Rodríguez presentó una reconsideración el 22 de agosto de 2025. El foro recurrido la declaró no ha lugar mediante una resolución del 11 de septiembre de 2025, la cual fue notificada el 12 de septiembre de 2025.

Inconforme aún, el 14 de octubre de 2025, Rosas Rodríguez compareció ante nos mediante un recurso de *certiorari* y señaló la comisión de los siguientes errores:

> Erró el TPI al no desestimar la acusación puesto que el principio de especialidad impide al Ministerio Público alegar reincidencia simple cuando la ley especial que rige la acusación ya regula la reincidencia aplicable.

> En la alternativa, erró el TPI al no ordenar la enmienda de la acusación para eliminar las alegaciones de reincidencia.

Examinado el recurso de *Certiorari*, este Tribunal articuló una *Resolución* el 20 de octubre de 2025 concediéndole un término de diez (10) días al Pueblo para que expresara por qué no debíamos expedir el auto solicitado. El 31 de octubre de 2025, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General, presentó su *Escrito en Cumplimiento de Orden.* Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A. *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro primario. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado ni ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico ha indicado reiteradamente que la *discreción* significa tener el poder para decidir de una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Entonces, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra;* véase *Pueblo v. Rivera Santiago, supra; S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari,* este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el caso ante

*nos,* es la contención del peticionario que incidió el TPI al no desestimar el pleito bajo la Regla 64 (p) de las de Procedimiento Criminal, debido a que la acusación le imputaba reincidencia simple del Código Penal, lo cual violentaba el principio de especialidad. Asimismo, y en la alternativa, argumentó que procedía la enmienda del pliego acusatorio para que se eliminara la partida referida a la reincidencia simple, por esta ser inaplicable.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar cuidadosamente el recurso presentado por el peticionario, y luego de una revisión puntillosa de la totalidad del expediente ante *nos,* es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio,

parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. El peticionario tampoco nos ha persuadido de que, el aplicar la norma de abstención apelativa en este momento conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones